OPINION
{¶ 1} The defendant-appellant, Jesse Duncan, appeals the judgment of the Henry County Common Pleas Court convicting him of importuning, sentencing him to serve six months in prison, and classifying him as a Tier I sex offender. On appeal, Duncan argues that R.C. 2950.01 et seq. applies retroactively as an unconstitutional ex post facto law, and that the residency requirements of R.C. 2950.01 et seq. deprive him of due process. For the reasons set forth herein, we affirm the judgment of the trial court.
 {¶ 2} On December 10, 2007, the Henry County Prosecuting Attorney filed a bill of information charging Duncan with one count of importuning, a violation of R.C. 2907.07(D)(1), a fifth-degree felony. On May 15, 2008, the parties filed a written plea of guilty in which Duncan withdrew his previously tendered plea of not guilty and pled guilty to the offense as charged. On May 19, 2008, the trial court journalized its judgment finding Duncan guilty and ordering a pre-sentence investigation. On June 2, 2008, the court filed its judgment entry convicting Duncan of importuning, imposing sentence, and classifying him as a Tier I sex offender. Duncan appeals the judgment of the trial court, setting forth two assignments of error for our review. *Page 3 
 Assignment of Error No. 1 The retroactive application of the amended R.C. § 2950.01, et seq. to Mr. Duncan violates the ex post facto clause of the United States Constitution and the retroactivity clause of the Ohio Constitution.
 Assignment of Error No. 2 The retroactive application of the amended R.C. §§ 2950.01, et seq.'s residency restrictions to Mr. Duncan deprives him of due process of law.
 {¶ 3} In the first assignment of error, Duncan contends that Chapter 2950 of the Revised Code violates the ex post facto clause of the United States and Ohio Constitutions because the new amendment, effective January 1, 2008, "eschews the former statute's `narrowly tailored' remedial scheme in favor of a categorical one" based merely on the offense committed by the offender. Duncan argues that the statute can no longer be classified as civil and remedial, as prior versions have been.
 {¶ 4} Several appellate districts have considered similar arguments and have determined that the newest amendments to Chapter 2950 of the Revised Code, known as the "Adam Walsh Act," do not violate the ex post facto clause of the United States Constitution or the retroactivity clause of the Ohio Constitution. State v. Byers, 7th
Dist. No. 07 CO 39, 2008-Ohio-5051; State v. Honey, 9th
Dist. No. 08CA0018-M, 2008-Ohio-4943; State v. Desbiens, 2d Dist. No. 22489, 2008-Ohio-3234. This Court has reached similar determinations concerning the *Page 4 
classification of juvenile sex offenders, which statutory provisions are comparable to the provisions affecting adult sex offenders. See In reSmith, 3d Dist. No. 1-07-58, 2008-Ohio-3234; In re Gant, 3d Dist. No. 1-08-11, 2008-Ohio-5198. We find the analyses of this Court as well as our sister courts to be persuasive. The first assignment of error is overruled.
 {¶ 5} In the second assignment of error, Duncan contends that the residency requirements of the Adam Walsh Act violate his due process rights. It appears Duncan is still incarcerated. Unless and until Duncan resides within one of the statutorily restricted areas, his argument is premature, and we may not issue an advisory opinion. Cascioli v. Centr.Mut. Ins. Co. (1983), 4 Ohio St.3d 179, 183, 448 N.E.2d 126. The second assignment of error is overruled.
 {¶ 6} The judgment of the Henry County Common Pleas Court is affirmed.
Judgment affirmed.
 PRESTON and ROGERS, J.J, concur. *Page 1